```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ALABAMA
                               MIDDLE DIVISION
```

FILED
87 JUL 11 PM 3:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

ROBERT FULLER,       }
                     }
     Plaintiff,      }
                     }         CIVIL ACTION NO.
vs.                  }
                     }         96-AR-1984-M
FOREMOST INSURANCE CO. }
                     }
     Defendant.      }
                     }

ENTERED
JUL 11 1997

## MEMORANDUM OPINION

The court has before it defendant's motion for summary judgment in the above entitled action. For the reasons articulated below, plaintiff's breach of contract claim, because it is conceded, is due to be dismissed, as is his claim for misrepresentation. In all other respects, defendant's motion is due to be denied.

### Pertinent Facts

Because this court determines that sufficient facts exist to proceed on plaintiff's claims of suppression and negligent hiring, pursuant to the Alabama Supreme Court's recent expression in *Foremost Insurance Co. v. Parham*, ___ So. 2d ___ (Ala. 1997), 1997 WL 112722, the court will only reference those facts necessary to

1

37

resolve plaintiff's claims for misrepresentation. Fuller has withdrawn his assertion that Darrell Smith ("Smith"), a licensed agent of defendant, Foremost Insurance Company ("Foremost") made any representation to him regarding Fuller being able to have one-year's insurance without paying any premium. Smith apparently told Fuller that Fuller would have coverage for his mobile home and its contents if he accepted the insurance policy Smith proffered. Smith <u>neglected</u> to tell Fuller that the adjacent structure insurance, that Fuller arguably knew he was receiving, was not necessary for insuring his mobile home and its contents. Indeed, the facts show that Fuller could have purchased a policy without the adjacent structure cover. He was ignorant of this fact. Smith was not.

### B. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of

law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994).

### C. Legal Analysis

To show misrepresentation claim in Alabama, the plaintiff must show: (1) misrepresentation of a material fact; (2) made willfully to deceive, recklessly, without knowledge, or mistakenly; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damage as a proximate consequence. *Parham*, 1997 WL 112722 at *10 (citing Ala. Code § 6-5-101 (1997); *Harrington v. Johnson-Rast & Hays Co.*, 577 So. 2d 437 (Ala. 1991)). Plaintiff fails the first prong because there was no affirmative misrepresentation. Plaintiff's proper claim is suppression.

> The elements of a suppression claim are 1) a duty to disclose the facts, 2) concealment or nondisclosure of material facts by the defendant, 3) inducement of the plaintiff to act, and 4) action by the plaintiff to his injury. *Wilson v. Brown*, 496 So. 2d 756 (Ala. 1986)

*Parham*, 1997 WL 112722 at *11. As mentioned in this court's opinion in *Hamby v. Foremost Ins. Co.*, CV-97-AR-1984-M (N.D. Ala. 1997), it is illogical to proceed on both a suppression and misrepresentation claim. Either someone said something upon which plaintiff relied, or someone did not. Accordingly, Foremost's

3

motion for summary judgment as to Fuller's claim of fraudulent misrepresentation is due to be granted.

A separate and appropriate order will be entered.

DONE this 11th day of July, 1997,

_____
WILLIAM M. ACKER JR.
UNITED STATES DISTRICT COURT